**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Shane Tucker, | ) CIV 13-0577-PHX-JAT (MHB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner Damon Shane Tucker, who is confined in the Arizona State Prison Complex-Eyman, Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus (hereinafter "habeas petition") pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Limited Answer on June 17, 2013 (Doc. 10). On July 8, 2013, Petitioner filed a Reply (Doc. 12). On July 14, 2013, in response to this Court's Order, Respondents filed a Supplementation with Inadvertently Omitted Exhibit (Doc. 14).

## BACKGROUND

In January, 2003, Petitioner was charged by the State of Arizona with thirteen counts of sexual exploitation of a minor. (Doc. 10-1, at 3, 17.) These charges came as a result of a search warrant served by Mesa police officers on Petitioner's home, during which computer-generated photographic images of nude females appearing to be between eight and ten years old and posing in sexually explicit positions were found on Petitioner's computer and in a black binder. (Id., at 3-4.) Petitioner admitted that the images were his. (Id., at 4.) Petitioner was tried on six of the counts charged. (Id.) During his trial Petitioner denied

1  downloading the images or ownership and knowledge of the images in the binder. (Id.)
2  Petitioner was convicted on all counts, all class 2 felonies and dangerous crimes against
3  children, and sentenced to six consecutive ten-year terms of imprisonment. (Id., at 2, 4.)

4  On appeal, Petitioner's court-appointed counsel filed a brief in accordance with
5  Anders v. California, 386 U.S. 738 (1967), finding no colorable claims to raise on appeal.
6  (Doc. 10-1, at 25.) Petitioner thereafter filed a *pro se* supplemental opening brief raising the
7  following claims on appeal: (1) that the sexual exploitation of a minor statute is
8  unconstitutional; (2) that the trial court erred in denying his motion to suppress his statement
9  to police; (3) that his sentence was excessive and unconstitutional; and (4) ineffective
10 assistance of trial counsel. (Doc. 10-2, at 3; Doc. 10-3, 17-27.) On September 13, 2005, the
11 Arizona Court of Appeals affirmed Petitioner's convictions and sentences, finding the
12 ineffective assistance of counsel claim non-cognizable on direct appeal, and finding the other
13 claims meritless. (Doc. 10-1, at 2-12.) Petitioner sought review by the Arizona Supreme
14 Court, and on June 5, 2006, that court summarily denied review. (Doc. 10-4, at 2.)

15 On October 4, 2005, Petitioner filed a timely Notice of Post-Conviction Relief
16 ("PCR"). (Doc. 10-4, at 4.) Petitioner's counsel thereafter filed a Notice of Completion of
17 Post-Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to
18 File Pro-Per Supplement to Petition for Post Conviction Relief, indicating that he had
19 reviewed the record for fundamental errors pursuant to Anders, and found no claims to raise
20 in post-conviction proceedings. (Doc. 10-4, at 11-12.) Petitioner then filed a *pro se*
21 supplemental PCR petition, raising the following claims: (1) ineffective assistance of trial
22 counsel; (2) insufficient evidence to support his convictions; (3) his convictions otherwise
23 violated ex-post-facto principles; and (4) his sentences were excessive. (Doc. 10-4, at 14-
24 23.) On August 28, 2007, the trial court summarily dismissed Petitioner's PCR, pursuant to
25 Rule 32-6(C), Ariz.R.Cim.P., "for the reasons stated in the State's Response." (Doc. 11-1,
26 at 14.) Petitioner sought review by the Arizona Court of Appeals, and on December 29, 2008,
27 that court denied review without comment. (Id., at 16.)

28

1    On May 11, 2009, Petitioner filed a second PCR notice. (Doc. 11-1, at 22-24.) In his *pro se* PCR petition, Petitioner claimed that a jury instruction omitted an essential element of the charged offense, and that his failure to raise this claim in his previous PCR petition was due to the "lack of law libraries." (Doc. 11-2, at 2-4.) Petitioner also claimed that the faulty jury instruction constituted fundamental error, and that his trial counsel's failure to object to the instruction constituted ineffective assistance of counsel. (Id., at 5.) On November 30, 2009, the trial court summarily denied relief, finding that Petitioner's claims were untimely:

> [A]n untimely notice may only raise claims pursuant to Rule 32.1(d), (f), (g), or (h). Rule 32.4(a), Arizona Rules of Criminal Procedure. In addition, defendant is precluded from relief on these claims pursuant to Rule 32(a), Ariz. R. Crim. P., because these claims either were or could have been raised on appeal or in a prior Rule 32 proceeding.

(Id., at 14.)

The Court also found that Petitioner's faulty jury instruction claim was not "newly discovered," because it "could have reasonably been discovered prior to [Petitioner]'s sentencing," and, in any event, Petitioner had "not shown that a different jury instruction would have changed the verdict." (Id., at 15.) Although Petitioner claims that he sought review of the trial court's decision by the Arizona Court of Appeals, counsel for Respondents avows that the record of that court does not reflect that filing. (Doc. 10, at 4 n.3.)

On February 9, 2011, Petitioner filed a third PCR notice, and in his *pro se* PCR petition he raised numerous ineffective assistance of counsel claims, reurged his jury instruction challenge, and challenged his enhanced sentences. (Doc. 11-2, at 17-19; Doc. 14, at 2-11.) The trial court dismissed the petition, finding that "[t]his is [Petitioner]'s third Rule 32 proceeding and it has been initiated in an untimely manner." (Doc. 11-3, at 2.) Petitioner filed a petition for review by the Arizona Court of Appeals, and on September 21, 2011, that court denied review without comment. (Id., at 5.)

On October 18, 2012, Petitioner filed a fourth PCR notice, and in it, claimed that a significant change in the law, specifically the holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012), had occurred that probably would overturn his conviction or sentence. (Doc. 11-3,

- 3 -

1  at 7, 9-10.) On October 31, 2012, the trial court denied relief, holding that "[t]he Martinez
2  holding does not apply to the defendant nor does it provide relief at the state court level."
3  (Id., at 13-14.) Petitioner sought review in the Arizona Court of Appeals, and, on February
4  27, 2013, that court denied review without comment. (Id., at 16.)

5  On March 20, 2103, Petitioner filed the instant habeas petition, in which he raises
6  three claims: (1) that he was entitled to new counsel in state court pursuant to Martinez; (2)
7  that the sexual exploitation of a minor statute is unconstitutional; and (3) that he is actually
8  innocent and is thus entitled to present any unexhausted claims pursuant to the gateway
9  exception articulated in Schlup v. Delo, 513 U.S. 298 (1995). (Doc. 1, at 6-9.) In their
10 Limited Answer, Respondents argue that Petitioner's petition is untimely and should be
11 dismissed, as it was filed past the 1-year deadline imposed by the Antiterrorism and Effective
12 Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d).

## DISCUSSION

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly

1  filed application for State post-conviction or other collateral review with respect to the
2  pertinent judgment or claim is pending shall not be counted toward" the limitations period.
3  28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state
4  petition that is not filed, however, within the state's required time limit is not "properly filed"
5  and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo,
6  544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that
7  [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

8        In Arizona, post-conviction review is pending once a notice of post-conviction relief
9  is filed even though the petition is not filed until later. See Isley v. Arizona Department of
10 Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
11 is also pending during the intervals between a lower court decision and a review by a higher
12 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,
13 536 U.S. 214, 223 (2002)). However, the time between a first and second application for
14 post-conviction relief is not tolled because no application is "pending" during that period.
15 See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The
16 petitioner was "not entitled to tolling during the interval between the completion of one
17 round of state collateral review and the commencement of a second round of review.").
18 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
19 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
20 820, 823 (9th Cir. 2003).

21       Applying the law to the facts of this case, Petitioner's habeas petition is untimely.
22 Petitioner's conviction became final on September 2, 2006, 90-days after the Arizona
23 Supreme Court denied review. Petitioner filed a timely PCR petition, which was denied by
24 the trial court and, on December 29, 2008, the Arizona Court of Appeals dismissed his
25 timely-filed Petition for Review. Petitioner then filed three subsequent PCR petitions. More
26 than 2-and-a-half years of non-tolled time elapsed in the interim between each of Petitioner's
27 subsequent PCR proceedings. Specifically, (1) more than 4 months of non-tolled time
28 elapsed between the December 29, 2008 decision denying appellate review in the first PCR

1  proceeding and the May 11, 2009 filing of the second PCR notice (2) an additional 14
2  months of non-tolled time elapsed between the November 30, 2009 order denying post-
3  conviction relief in the second PCR proceeding and the February 9, 2011, filing of the third
4  PCR notice; and (3) an additional 12 months of non-tolled time elapsed between the
5  September 21, 2011 decision denying appellate review in the third PCR proceedings and the
6  October 18, 2012 filing of the fourth PCR notice.  This calculation does not even take into
7  account the time that elapsed while Petitioner's second, third and fourth PCR proceedings
8  were pending (approximately 17 months).  Those proceedings arguably did not toll the
9  statute of limitations because the second, third and fourth PCR petitions were not properly
10 filed. 28 U.S.C. § 2244(d)(2); see Pace, 544 U.S. at 413  (a state petition not filed within the
11 state's required time limit is not properly filed and, therefore is not entitled to statutory
12 tolling).

13         Although Petitioner is not entitled to sufficient statutory tolling to render his habeas
14 petition timely, the statute of limitations under the AEDPA is subject to equitable tolling in
15 appropriate cases.  See Holland v. Florida, ––– U.S. –––, –––; 130 S.Ct. 2549, 2560 (2010).
16 However, for equitable tolling to apply, a petitioner must show "'(1) that he has been
17 pursuing his rights diligently and (2) that some extraordinary circumstances stood in his
18 way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace, 544 U.S.
19 at 418).

20         Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's]
21 control make it impossible to file a petition on time."  Roy v. Lampert, 465 F.3d 964, 969
22 (9th Cir. 2006) (citation omitted); see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)
23 (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high,
24 lest the exceptions swallow the rule") (citation omitted).  "When external forces, rather than
25 a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling
26 of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th
27 Cir. 1999).  Petitioner must also establish a "causal connection" between the extraordinary
28

circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Here, Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. In his Reply, Petitioner concedes that his habeas petition is untimely under the AEDPA. (Doc. 12, at 1.) Petitioner argues, however that he is innocent, and that "the precedent case of Schlup v. Delo, 513 U.S. 298 (1995) contains a 'Gateway' exception for fundamental miscarriage of justice." (Id.) First, the Court finds that Petitioner has not pursued his claim of innocence diligently, because the facts and law he cites in support of his claim of innocence were available to him such that he could have filed a timely petition.

In Lee v. Lampert, the Ninth Circuit held that a credible showing of "actual innocence" under Schlup, excuses the statute of limitations period established by the AEDPA. 653 F.3d 929, 931 (9th Cir. 2011).[1] "[A] petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." Id. at 932. To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. This standard "permits review only in the 'extraordinary' case, but it 'does not require absolute certainty about the petitioner's guilt or innocence.'" House v. Bell, 547 U.S. 518, 538 (2006). The "petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases ... implicating a fundamental miscarriage of justice.'" Lee, 653 F.3d at 937 (quoting Schlup,

---

[1] In Lee, the Ninth Circuit did not foreclose the possibility that, to qualify for an "actual innocence" exception to the AEDPA statute of limitations, a petitioner must demonstrate that he acted "diligent[ly]." See Lee, 653 F.3d at 934 n.9. The Court stated, in pertinent part, "[b]ecause this case does not present the question, we need not – and do not – decide what diligence, if any, a petitioner must demonstrate in order to qualify for the actual innocence exception recognized in this opinion." In reserving the issue, the *en banc* court compared the Tenth Circuit's decision in Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (requiring no showing of diligence) and the Eighth Circuit's decision in Flanders v. Graves, 299 F.3d 978, 978 (8th Cir. 2002) (requiring a petitioner to show either that a state-created barrier prevented his timely discovery of relevant facts or that a "reasonably diligent petitioner" could not have discovered such facts in time to file within the limitations period).

- 7 -

1  513 U.S. at 314-15). "The evidence of innocence must be 'so strong that a court cannot have
2  confidence in the outcome of the trial unless the court is also satisfied that the trial was free
3  of nonharmless constitutional error.'" Id. (quoting Schlup, 513 U.S. at 316). As noted in
4  Lee, "*Schlup* requires a petitioner 'to support his allegations of constitutional error with new
5  reliable evidence – whether it be exculpatory, scientific evidence, trustworthy eyewitness
6  accounts, or critical physical evidence – that was not presented at trial.'" Id. (quoting
7  Schlup, 513 U.S. at 324). The habeas court considers all the evidence, both old and new,
8  incriminating and exculpatory, admissible at trial or not, and based on the complete record,
9  "the court makes a probabilistic determination about what reasonable, properly instructed
10 jurors would do." Lee, 653 F.3d at 938 (internal quotations omitted).

11    Petitioner does not present any new facts or law, but argues that "there was no specific
12 elements of a criminal act alleged in the indictment," because the "charging of file names and
13 no documentation establishing the identity or age of the participants, nor any statement of
14 fact and all counts are multiplicitous as they were contained in a single storage unit (the hard
15 drive)." (Doc. 12, at 2.) Petitioner's argument that the charging document was deficient
16 because it did not identify sufficiently the identify or age of the children depicted in the
17 pornographic images, or that the counts charged are multiplicitous is a claim of legal error,
18 not a claim of actual innocence. Furthermore, the Arizona Court of Appeals considered the
19 issue raised by Petitioner of the constitutionality of the child pornography statute and found
20 that the statute was not overbroad and upheld its constitutionality. (Doc. 10-1, at 5.) The
21 Court also found that the children involved in the images Petitioner possessed "were clearly
22 under fifteen years of age," and noted that Petitioner had "admitted that the images were his"
23 and "acknowledged" that they provided him with a "sexual outlet." (Id., at 7.)

24    The Court finds that Petitioner's "new evidence" does not approach the
25 "extraordinary" showing contemplated by Schlup, and thus, Petitioner cannot pass through
26 the Schlup actual innocence gateway. Furthermore, Petitioner has not pursued his claim
27 diligently such that he would be entitled to equitable tolling of his claim. His habeas petition
28 is, therefore, untimely.

**CONCLUSION**

Having determined that Petitioner's claims in his habeas petition are untimely under the AEDPA, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 7th day of August, 2013.

_____
Michelle H. Burns
United States Magistrate Judge