1  WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  Damon Shane Tucker,                      No. CV-13-00577-PHX-JAT

10                     Petitioner,           **ORDER**

11  v.

12  Charles L Ryan, et al.,

13                     Respondents.

14

15        Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus

16  ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R")

17  recommending that the Petition be denied and dismissed because it is barred by the Anti-

18  Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 15

19  at 9). The R&R further recommended that a Certificate of Appealability and leave to

20  proceed *in forma pauperis* on appeal be denied. *Id.*

21  **I.    Review of an R&R**

22        This Court "may accept, reject, or modify, in whole or in part, the findings or

23  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

24  the district judge must review the magistrate judge's findings and recommendations de

25  novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d

26  1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any

27  review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474

28  U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall

1   make a *de novo* determination of those portions of the [report and recommendation] to

2   which objection is made"). In this case, Petitioner filed objections to the R&R, and the

3   Court will review those objections de novo.

4   **II.    Factual and Procedural Background**

5           The R&R summarized the factual and procedural history and neither party

6   objected to this history. (Doc. 15 at 1–4; Doc. 16). Therefore, the Court adopts that

7   portion of the R&R in this case. That history is as follows:

8               In January, 2003, Petitioner was charged by the State
9           of Arizona with thirteen counts of sexual exploitation of a
            minor. (Doc. 10-1, at 3, 17.) These charges came as a result of
10          a search warrant served by Mesa police officers on
11          Petitioner's home, during which computer-generated
            photographic images of nude females appearing to be
12          between eight and ten years old and posing in sexually
13          explicit positions were found on Petitioner's computer and in
            a black binder. (*Id.* at 3–4.) Petitioner admitted that the
14          images were his. (*Id.* at 4.) Petitioner was tried on six of the
15          counts charged. (*Id.*) During his trial Petitioner denied
            downloading the images or ownership and knowledge of the
16          images in the binder. (*Id.*) Petitioner was convicted on all
17          counts, all class 2 felonies and dangerous crimes against
            children, and sentenced to six consecutive ten-year terms of
18          imprisonment. (*Id.* at 2, 4.)
19              On appeal, Petitioner's court-appointed counsel filed a
            brief in accordance with *Anders v. California*, 386 U.S. 738
20          (1967), finding no colorable claims to raise on appeal. (Doc.
21          10-1, at 25.) Petitioner thereafter filed a *pro se* supplemental
            opening brief raising the following claims on appeal: (1) that
22          the sexual exploitation of a minor statute is unconstitutional;
            (2) that the trial court erred in denying his motion to suppress
23          his statement to police; (3) that his sentence was excessive
24          and unconstitutional; and (4) ineffective assistance of trial
            counsel. (Doc. 10-2, at 3; Doc. 10-3, 17–27.) On September
25          13, 2005, the Arizona Court of Appeals affirmed Petitioner's
26          convictions and sentences, finding the ineffective assistance
            of counsel claim non-cognizable on direct appeal, and finding
27          the other claims meritless. (Doc. 10-1, at 2–12.) Petitioner
            sought review by the Arizona Supreme Court, and on June 5,
28          2006, that court summarily denied review. (Doc. 10-4, at 2.)

On October 4, 2005, Petitioner filed a timely Notice of Post-Conviction Relief ("PCR"). (Doc. 10-4, at 4.) Petitioner's counsel thereafter filed a Notice of Completion of Post-Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to File Pro-Per Supplement to Petition for Post-Conviction Relief, indicating that he had reviewed the record for fundamental errors pursuant to Anders, and found no claims to raise in post-conviction proceedings. (Doc. 10-4, at 11–12.) Petitioner then filed a *pro se* supplemental PCR petition, raising the following claims: (1) ineffective assistance of trial counsel; (2) insufficient evidence to support his convictions; (3) his convictions otherwise violated ex-post-facto principles; and (4) his sentences were excessive. (Doc. 10-4, at 14–23.) On August 28, 2007, the trial court summarily dismissed Petitioner's PCR, pursuant to Rule 32-6(C), Ariz.R.Cim.P., "for the reasons stated in the State's Response." (Doc. 11-1, at 14.) Petitioner sought review by the Arizona Court of Appeals, and on December 29, 2008, that court denied review without comment. (Id., at 16.)

On May 11, 2009, Petitioner filed a second PCR notice. (Doc. 11-1, at 22–24.) In his *pro se* PCR petition, Petitioner claimed that a jury instruction omitted an essential element of the charged offense, and that his failure to raise this claim in his previous PCR petition was due to the "lack of law libraries." (Doc. 11-2, at 2–4.) Petitioner also claimed that the faulty jury instruction constituted fundamental error, and that his trial counsel's failure to object to the instruction constituted ineffective assistance of counsel. (*Id.* at 5.) On November 30, 2009, the trial court summarily denied relief, finding that Petitioner's claims were untimely:

> [A]n untimely notice may only raise claims pursuant to Rule 32.1(d), (f), (g), or (h). Rule 32.4(a), Arizona Rules of Criminal Procedure. In addition, defendant is precluded from relief on these claims pursuant to Rule 32(a), Ariz. R. Crim. P., because these claims either were or could have been raised on appeal or in a prior Rule 32 proceeding.

(*Id.* at 14.)

The Court also found that Petitioner's faulty jury instruction claim was not "newly discovered," because it "could have reasonably been discovered prior to [Petitioner]'s sentencing," and, in any event, Petitioner had "not shown that a different jury instruction would have changed the verdict." (*Id.* at 15.) Although Petitioner claims that he sought review of the trial court's decision by the Arizona Court of Appeals, counsel for Respondents avows that the record of that court does not reflect that filing. (Doc. 10, at 4 n.3.)

On February 9, 2011, Petitioner filed a third PCR notice, and in his *pro se* PCR petition he raised numerous ineffective assistance of counsel claims, reurged his jury instruction challenge, and challenged his enhanced sentences. (Doc. 11-2, at 17–19; Doc. 14, at 2–11.) The trial court dismissed the petition, finding that "[t]his is [Petitioner]'s third Rule 32 proceeding and it has been initiated in an untimely manner." (Doc. 11-3, at 2.) Petitioner filed a petition for review by the Arizona Court of Appeals, and on September 21, 2011, that court denied review without comment. (*Id.* at 5.)

On October 18, 2012, Petitioner filed a fourth PCR notice, and in it, claimed that a significant change in the law, specifically the holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), had occurred that probably would overturn his conviction or sentence. (Doc. 11-3, at 7, 9–10.) On October 31, 2012, the trial court denied relief, holding that "[t]he *Martinez* holding does not apply to the defendant nor does it provide relief at the state court level." (*Id.* at 13–14.) Petitioner sought review in the Arizona Court of Appeals, and, on February 27, 2013, that court denied review without comment. (*Id.* at 16.)

On March 20, 2013, Petitioner filed the instant habeas petition, in which he raises three claims: (1) that he was entitled to new counsel in state court pursuant to *Martinez*; (2) that the sexual exploitation of a minor statute is unconstitutional; and (3) that he is actually innocent and is thus entitled to present any unexhausted claims pursuant to the gateway exception articulated in *Schlup v. Delo*, 513 U.S. 298 (1995). (Doc. 1, at 6–9.) In their Limited Answer, Respondents argue that Petitioner's petition is untimely and should be dismissed, as it was filed past the 1-year deadline

- 4 -

imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d).

(Doc. 15 at 1–4).

## III.    R&R

As indicated above, on August 7, 2013, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (*Id.* at 1–9). As explained by the Magistrate Judge, the AEDPA provides a one year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 4 (citing 28 U.S.C. § 2244(d)(1))). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.* at 4 (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on September 2, 2006, 90 days after the Arizona Supreme Court denied review. (*Id.* at 5). Petitioner timely filed a PCR petition which was denied by the trial court and then dismissed by the Arizona Court of Appeals on December 29, 2008. (*Id.* at 5).

Starting with statutory tolling, the Magistrate Judge explained that the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." (*Id.* at 4–5 (quoting 28 U.S.C. § 2244(d)(2))). However, the time between a first and second PCR petition is not tolled. (*Id.* at 5 (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003))). Therefore, while statutory tolling applied to the first PCR petition, "[m]ore than 2-and-a-half years of non-tolled time elapsed in the interim between each of Petitioner's subsequent PCR proceedings." (*Id.* at 5). Additionally, about 17 months "elapsed while Petitioner's second, third and fourth proceedings were pending," which arguably did not toll the statute of limitations either because those petitions were not properly filed. (*Id.* at 6).

1    Turning to equitable tolling, the Magistrate Judge explained that a Petitioner is

2    entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights

3    diligently and (2) that some extraordinary circumstances stood in his way." (*Id.* at 6

4    (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005))). The Magistrate Judge

5    determined that Petitioner failed the second prong of this test, because he "has not

6    proffered any extraordinary circumstance that would justify equitable tolling." In

7    addition, "Petitioner concedes that his habeas petition is untimely under the AEDPA."

8    (*Id.* at 7 (citing Doc. 12 at 1)).

9    Finally, the Magistrate Judge turned to Petitioner's claim that he is innocent. (*Id.*

10   at 7). The Magistrate Judge noted that a credible showing of actual innocence excuses the

11   statute of limitations period established by the AEDPA. (*Id.* at 7). However, to pass

12   through that gateway, a "petitioner must show that it is more likely than not that no

13   reasonable juror would have convicted him in the light of the new evidence." (*Id.* at 7

14   (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Magistrate Judge determined

15   that Petitioner did not present any new facts or law, and his claims were that of legal

16   error, not claims of actual innocence. (*Id.* at 8).

17   **IV.   The Petitioner's Objections**

18   Petitioner does not object to the Magistrate Judge's application of the AEDPA's

19   statute of limitations to his procedural history and the Court adopts those

20   recommendations. Instead, Petitioner objects to the R&R by arguing that, based on

21   equitable tolling, the AEDPA's statute of limitations does not apply to his case, because:

22   (1) "he was entitled to new counsel in state court pursuant to *Martinez* [*v. Ryan*, 132 S.Ct.

23   1309 (2012)]" (Doc. 16 at 2); (2) the state trial court lacked subject matter jurisdiction

24   (Doc. 16 at 6); (3) "he is actually innocent and thus entitled to present any unexhausted

25   claims pursuant to the gateway exception articulated is [sic] *Schlup v. Delo*, 513 U.S. 298

26   (1995)" (Doc. 16 at 8); and (4) he did not have access to a copy of the AEDPA in the

27   prison law library (Doc. 16 at 4–5).

28

Petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

### A.   Petitioner's Reliance on *Martinez*

Petitioner claims he is permitted equitable tolling, because he "was entitled to new counsel in state court pursuant to [*v. Ryan*, 132 S.Ct. 1309 (2012)]" (Doc. 16 at 2). However, *Martinez* applies only to excusing procedural default and/or lack of exhaustion in state court. *Martinez*, 132 S.Ct. at 1315. In *Martinez*, the Court only held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Thus, nothing in *Martinez* requires the state court to appoint new counsel for a defendant.

Moreover, *Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court. *Accord McKinnie v. Long*, 2013 WL 1890618, at *7–8 (C.D.Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); *Moore v. Williams*, 2013 WL 271454, at *5 (D.Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with the issue of whether a claim in the federal petition is barred due to procedural default in state court."). Accordingly, *Martinez* does not present a basis for equitable tolling.

### B.   Subject Matter Jurisdiction

Petitioner claims the state trial court lacked subject matter jurisdiction because Arizona's child pornography statute, A.R.S. § 13-3553 (2014), is unconstitutional. (Doc. 16 at 3). "Equitable exceptions" can apply to the AEDPA's statute of limitations, such as

1    when a petitioner demonstrates diligence and extraordinary circumstances, or actual

2    innocence. *Lee v. Lampart*, 653 F.3d 929, 933–34 (9th Cir. 2011) (en banc).

3           Petitioner cites no authority that places the state court's alleged lack of subject

4    matter jurisdiction among such exceptions. Thus, the Court is not persuaded by

5    Petitioner's argument that, because the state trial court allegedly lacked subject matter

6    jurisdiction, the AEDPA's statute of limitations does not apply to his case. Accordingly,

7    the Court adopts the Magistrate Judge's R&R concluding that the Petition is barred by the

8    AEDPA's statute of limitations.

9           Further, even if Petitioner's Petition was not barred by the AEDPA's statute of

10    limitations, habeas relief would not be available.  Specifically, Petitioner's arguments fail

11    because this Court cannot review alleged state court errors, such as a state court's lack of

12    jurisdiction. *See Reel v. Ryan*, 2013 WL 2284988 at *5 (D. Ariz. May 22, 2013). A

13    federal habeas court cannot reexamine state court determinations of state law questions.

14    *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

15           When the Arizona Court of Appeals denied Petitioner's PCR petition, the Arizona

16    Court of Appeals effectively concluded that the state trial court had jurisdiction. This

17    Court cannot review the state court's decision regarding state law.  Accordingly, the

18    Court cannot grant habeas relief under a theory that the state court lacked jurisdiction.

19        **C.**    **Actual Innocence Gateway Articulated in *Schlup***

20           Petitioner argues that under the equitable exception to the statute of limitations for

21    actual innocence recognized in *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en

22    banc), he is entitled to the "gateway" around the statute of limitations. (Doc. 16 at 8). The

23    Court in *Lee* held "that a credible claim of actual innocence constitutes an equitable

24    exception to AEDPA's limitations," adopting the actual innocence gateway previously

25    recognized in *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). *Lee*, 653 F.3d at 932. For

26    Petitioner to meet the equitable exception of the actual innocence gateway, he must first

27    "support his allegations of constitutional error with new reliable evidence . . . that was not

28    presented at trial." *Id.* at 939 (quoting *Schlup*, 513 U.S. at 324). "The evidence of

innocence must be 'so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 938 (quoting *Schlup*, 513 U.S. 316). The Court must then determine whether "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 938 (quoting *Schlup*, 513 U.S. at 327).

In this case, Petitioner does not present any new facts or law in order to pass through the actual innocence gateway. Instead, Petitioner argues that "there was no specific criminal act charged in the indictment, the indictment charged file names and the identity and age of the participants were not alleged, nor was there any statement of fact and all counts were multiplicitous." (Doc. 16 at 6). These claims are claims of legal error and do not constitute "new reliable evidence . . . that was not presented at trial." *Lee*, 653 F.3d at 939 (quoting *Schlup*, 513 U.S. at 324). Therefore, Petitioner has not presented new evidence establishing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 938 (quoting *Schlup*, 513 U.S. at 327). Accordingly, Petitioner cannot pass through the actual innocence gateway around the AEDPA's statute of limitations, and his Petition is untimely.

**D.     Petitioner Did Not Have Access to a Copy of the AEDPA in the Prison Law Library**

Petitioner claims he is entitled to an equitable exception from AEDPA's statute of limitations, because he did not have access to a copy of the AEDPA in the prison law library. (Doc. 16 at 4–5). Petitioner raises this claim for the first time in his objection to the R&R. The Court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622. Additionally, "in certain circumstances a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a *pro se* habeas petitioner." *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n. 4 (9th Cir. 2005) ("[b]ecause [Petitioner] was a pro se petitioner at all relevant

1   times . . . the district court should have exercised its discretion to review the supplemental
2   evidence"). Therefore, because Petitioner was a pro se petitioner at all relevant times, the
3   Court exercises its discretion to review the merits of this claim that is raised for the first
4   time in Petitioner's objection to the R&R.

5       Equitable tolling may be appropriate where the petitioner did not have access to
6   the AEDPA in the law library of the prison at which he resided. *See Whalem/Hunt v.*
7   *Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (remanding for an evidentiary hearing where
8   the petitioner alleged the law library of the prison in which he was incarcerated did not
9   have legal materials describing the AEDPA and he had no knowledge of the limitations
10  period). However, to be entitled to equitable tolling, Petitioner must first demonstrate that
11  he was diligent in pursuing his rights. *Roy v. Lampert*, 465 F.3d 964, 969–73 (9th Cir.
12  2006) (requiring petitioners to establish diligence to be entitled to an evidentiary hearing
13  over their claims of insufficient legal resources in the prison law libraries); *see also*
14  *Crihalmean v. Ryan*, 2013 WL 5524509 at *4 (D. Ariz. Oct. 4, 2013). Petitioner must
15  exercise "reasonable diligence" but not "maximum feasible diligence." *Holland v.*
16  *Florida*, 560 U.S. 631, 653 (2010).

17      Petitioner has not diligently pursued his rights. Petitioner's conviction became
18  final on September 2, 2006. His only timely PCR petition was dismissed by the Arizona
19  Court of Appeals on December 29, 2008. Not until March 20, 2013 did Petitioner file the
20  instant habeas Petition. Petitioner does not explain his substantial delay in filing his
21  Petition. "[P]ro se status, on its own, is not enough to warrant equitable tolling." *Roy*, 465
22  F.3d at 970. Additionally, Petitioner does not allege what he did to pursue his claims and
23  seek resources before the AEDPA's statute of limitations expired. *Compare id.* at 973
24  ("[b]y alleging what they did to pursue their claims and complain about their situations,
25  and alleging that they did so before the AEDPA's statute of limitations expired,
26  [Petitioners] have done enough to demonstrate that they were not the cause of the
27  tardiness"). Petitioner also does not allege that he had no knowledge of the AEDPA's
28  limitations period. Therefore, Petitioner has not made sufficient allegations regarding his

1   diligence. Accordingly, Petitioner is not entitled to equitable tolling of his claim based

2   upon his alleged lack of access to the AEDPA in the law library of the prison at which he

3   resided.

4   **V.      Request for Appointment of Counsel**

5          In his objections to the R&R, Petitioner requests appointment of counsel. (Doc. 16

6   at 9). There is no constitutional right to counsel on habeas. *Bonin v. Vasquez*, 999 F.2d

7   425, 429 (9th Cir. 1993). Indigent state prisoners applying for habeas corpus relief are not

8   entitled to appointed counsel unless the circumstances indicate that appointed counsel is

9   necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

10   Cir. 1986), *cert. denied*, 107 S.Ct. 1911 (1987)

11          The Court has discretion to appoint counsel when a magistrate judge or the district

12   court judge determines that the interests of justice so require. *Terrovona v. Kincheloe*,

13   912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). In deciding

14   whether to appoint counsel in a habeas proceeding, the district court must evaluate the

15   likelihood of success on the merits as well as the ability of the petitioner to articulate his

16   claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*,

17   718 F.2d 952, 954 (9th Cir. 1983).

18          In this case, for the reasons stated above, the Court finds that Petitioner has no

19   likelihood of success on the merits of his Petition. Additionally, the Court finds that the

20   issues in this case are not complex and that Petitioner has articulated his claims

21   adequately pro se. As a result, the Court denies the request for appointment of counsel.

22   **VI.    Petitioner's Request for an Evidentiary Hearing**

23          Also in his objections to the R&R, Petitioner requests an evidentiary hearing.

24   (Doc. 16 at 9). Under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary

25   hearing if he presents a "meritorious claim," and he exercised reasonable diligence in

26   developing the factual record in the state proceedings. *Williams v. Taylor,* 529 U.S. 420,

27   434–37 (2000).  A petitioner exercises the diligence necessary to preserve a claim if the

28

1   petitioner "made a reasonable attempt, in light of the information available at the time, to

2   investigate and pursue claims in state court." *Id.* at 435.

3          Thus, in order to qualify for an evidentiary hearing, Petitioner must both: "(1)

4   allege facts which, if proven, would entitle him to relief, and (2) show that he did not

5   receive a full and fair hearing in a state court, either at the time of the trial or in a

6   collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005), *rev'd*

7   *on other grounds*, 549 U.S. 7 (2006). Additionally, a habeas petitioner "should receive an

8   evidentiary hearing when he makes 'a good faith *allegation that would, if true*, entitle

9   him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting

10  *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). No hearing is necessary, however,

11  if this Court "is able to determine without a hearing that the allegations are without

12  credibility or that the allegations if true would not warrant a new trial . . . ." *United States*

13  *v. Navarro–Garcia,* 926 F.2d 818, 822 (9th Cir. 1991).

14         In his objections to the R&R, Petitioner fails to offer any specific information on

15  what additional evidence would be revealed at the evidentiary hearing. Petitioner does

16  specifically claim that "he [did] not have access to a copy of the AEDPA" in the prison

17  law library. (Doc. 16 at 4–5). However, even if true, that fact would not entitle Petitioner

18  to relief. As discussed above, Petitioner has not pursued that claim diligently, as is

19  required by *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) for a petitioner to be entitled

20  to the equitable exception from AEDPA's statute of limitations. Thus, the Court finds

21  that Petitioner has not made any allegations that, if true, would warrant equitable tolling,

22  or, ultimately, habeas relief. Accordingly, the Court denies Petitioner's request for an

23  evidentiary hearing.

24  **VII.**   **Conclusion**

25         Based on the foregoing,

26         **IT IS ORDERED** that the Report and Recommendation (Doc. 15) is accepted and

27  adopted; the objections (Doc. 16) are overruled; and the request for an evidentiary

28  hearing (*id.*) and the request for appointment of counsel (*id.*) are denied. The Petition in

this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2554 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 1st day of April, 2014.

_____
James A. Teilborg
Senior United States District Judge